COURT OF APPEALS OF VIRGINIA


Present:    Judges McClanahan, Haley and Senior Judge Willis


JAMES DANIEL WILLIAMS, JR.

                                                    MEMORANDUM OPINION*
v.        Record No. 2389-10-2                             PER CURIAM
                                                           MAY 3, 2011
CHESTERFIELD DEPARTMENT
   OF SOCIAL SERVICES


                FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                            Michael C. Allen, Judge

            (Diane M. Abato; Abato & Davis, PC, on brief), for appellant.

            (Jeffrey L. Mincks, County Attorney; Michael S. J. Chernau, Senior
            Assistant County Attorney; Scott D. Landry, Guardian *ad litem* for
            the minor children; Duty, Duty & Landry, on brief), for appellee.


        On October 20, 2010, the trial court entered an order terminating the residual parental rights

of James Daniel Williams, Jr., (father) to four of his children pursuant to Code § 16.1-283(C)(2).

On appeal, father argues the trial court erred by approving a goal of adoption and terminating his

parental rights based on his incarceration and where the Chesterfield Department of Social Services

(the Department) failed to offer him services.  Upon reviewing the record and briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we summarily affirm the decisions of

the trial court.  See Rule 5A:27.

        We view the evidence in the light most favorable to the prevailing party below and grant to

it all reasonable inferences fairly deducible therefrom.  See Logan v. Fairfax Cnty. Dep't of Human

Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 462 (1991).

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Where, as here, the court hears the evidence *ore tenus*, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania Cnty. Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (citations omitted). When considering termination of parental rights, "the paramount consideration of a trial court is the child's best interests." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, has been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of services agencies.

The evidence showed that the Department had been involved with father's family since 2002. A social worker testified that the family had a history of physical and medical neglect, lack of supervision, drug use, criminal charges, and issues of instability and improper boundaries between the parents and children. The written statement of facts further states that the social worker "testified generally to the services that were provided to the family by the Department or other rehabilitative agencies prior to and after the children came into foster care."

Father was incarcerated for much of the time from 2002 to 2005. He was released in September 2005 and lived intermittently with the family until February 3, 2008 when he was again incarcerated. Father stated his release date is July 25, 2011. Father testified his alcohol abuse contributed to his criminal conduct and he admitted he had not sought or considered alcohol abuse treatment prior to his incarceration in 2008, but did so while incarcerated.

Before he was incarcerated in 2008, father met with a social worker who was providing services to the family. Father refused to sign a service plan and refused to take a drug test. Thereafter, the Department did not offer him services. Father testified that he had not been

concerned about mother's ability to parent the children and that he was unaware of any concerns related to the family. However, the children lived at the residence of a relative from August 2007 until September 2009, and the relative was awarded legal custody of the children in May 2008. In September 2009, the children were briefly returned to mother's care. However, shortly thereafter, the relative was again awarded legal and physical custody of the children when mother failed to complete substance abuse treatment and was arrested.

Although they had some difficulty adjusting to their foster homes, at the time of the hearing, the children were doing well in their placements and they had bonded with their foster care parents. Several of the children were assessed in need of mental and medical care and the social worker stated their behavior and emotional well being had greatly improved since the placements. The guardian *ad litem* for the children proffered the children's preferences in this matter, and all four children, ages nine to fifteen, desired either a goal of adoption by their foster parents or permanent foster care. The guardian *ad litem* opined that the best interests of the children would be served by approving the plans for goals of adoption and terminating father's parental rights.

Evidence was presented that for several months, father failed to respond to letters sent by the Department seeking to include him in meetings related to the children. Father also stated that he had been diagnosed with a mental illness while incarcerated, but he could not recall the diagnosis. Father testified he has skills in tree removal and would obtain employment and a residence upon his release.

The trial court terminated father's parental rights pursuant to Code § 16.1-283(C)(2), and father appealed.

Father argues the trial court erred by approving the goal of adoption and terminating his parental rights solely because he was incarcerated. He also asserts the Department failed to provide him with services while he was incarcerated.

- 3 -

> While long-term incarceration does not, per se, authorize termination of parental rights . . . it is a valid and proper circumstance which, when combined with other evidence concerning the parent/child relationship, can support a court's finding by clear and convincing evidence that the best interests of the children will be served by termination.

Ferguson v. Stafford Cnty. Dep't of Soc. Servs., 14 Va. App. 333, 340, 417 S.E.2d 1, 5 (1992).

Here, evidence in addition to father's incarceration supported the trial court's decision. The evidence showed the Department had been involved with father's family since 2002. A social worker testified the family had a history of physical and medical neglect, lack of supervision, drug use, criminal charges, and issues of instability and improper boundaries between the parents and children. Father acknowledged his history of alcohol abuse and criminal conduct. He also admitted he did not seek services to address his alcohol issues on his own, and he refused to sign a service plan offered by the Department. He also failed to cooperate with the Department's request to submit to a drug test. Father did not recognize mother's drug abuse issues and how it affected the children. Moreover, during part of the time period father was not incarcerated, the children resided with a relative.

In addition, whether services must be offered to an incarcerated parent was addressed by this Court in Harrison v. Tazewell Cnty. Dep't of Soc. Servs., 42 Va. App. 149, 590 S.E.2d 575 (2004). There, we stated, "as long as he was incarcerated, the Department would have no avenue available to offer [the father] services aimed at assisting him in regaining custody of the child." Id. at 163-64, 590 S.E.2d at 583.

Moreover, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his [or her] responsibilities." Kaywood v. Halifax Cnty. Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). At the time of the termination hearing, the children had been in foster care for eleven months and they were doing well with their foster care placements.

Based upon the foregoing, the trial court did not err in changing the goals to adoption and terminating father's parental rights pursuant to Code § 16.1-283(C)(2).  Accordingly, the trial court's decisions are affirmed.

<u>Affirmed.</u>